UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA J TAYLOR,

        Plaintiff,

                                        Civil No. 07-13416
                                        Hon. John Feikens

        v.

L'OREAL USA and JOE LEPORE,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

Plaintiff Pamela Taylor filed this suit against Defendants L'Oreal USA and Joe LePore alleging claims for age discrimination, retaliatory discharge and sexual harassment in violation of the Elliott-Larsen Civil Rights Act (ELCRA). Defendants have moved for summary judgment on all claims and Taylor has conceded that summary judgment is proper on her age discrimination and retaliatory discharge claims. For the reasons set forth below, I GRANT summary judgment to Defendants on all claims.

**FACTUAL AND PROCEDURAL BACKGROUND**

Taylor was hired by L'Oreal USA as a "Sales and Merchandising Freelance Consultant," or SAM, in 1995 . As a SAM, Taylor was responsible for making sales calls to beauty supply stores, building product displays and educating beauty store employees and customers on L'Oreal products. Taylor was paid an hourly wage, instead of a salary, and was eligible for a commission on the sale of certain items. L'Oreal did not provide Taylor with a car, cell phone,

1

office space, computer, or secretarial assistance and did not deduct taxes from Taylor's pay or provide her with insurance or benefits. Taylor selected the days and hours she would work, subject to limits on the number of hours she could work set by L'Oreal, and was not precluded from other employment. L'Oreal received updates from Taylor by telephone on a weekly basis, but did not supervise her day-to-day activities.

Taylor alleges that beginning in July 2000 she was sexually harassed by Defendant Joe Lepore, a L'Oreal employee who had supervisory authority over her. Taylor reported the harassment to another one of her supervisors, Nancy Chemi, in January 2002 and after an investigation, L'Oreal adjusted the chain of command so that Taylor would no longer report to Lepore. Taylor, however, saw Lepore at sales meetings in Septemeber 2003, September 2004 and May 2005 and claims that Lepore continued harassing her at each of the three meetings.

In July 2005, Taylor signed a new "Contract for Service of Independent Contractor" agreement with L'Oreal. The first numbered paragraph of the contract stated that she was an independent contractor. In October 2005, the agreement expired. Although the parties never entered another formal agreement, Taylor and L'Oreal maintained the same business relationship until her position was terminated in December 2006.

## ANALYSIS

To maintain a claim under ELCRA, a plaintiff must be an employee of the defendant. See Falls v. The Sporting News Publishing Co., 834 F.2d 611, 613 (6th Cir.1987); Savas v. William Beaumont Hosp., 216 F.Supp.2d 660, 664 (E.D. Mich. 2002) In determining whether a plaintiff is an employee or an independent contractor under ELCRA, courts in Michigan apply the economic reality test. Falls, 834 F.2d at 613 . "Under the economic realities test, courts

consider several factors, such as the parties view of their relationship, the hiring and termination methods employed by the alleged employer, whether the alleged employer withholds taxes or pays social security obligations, the extent the worker receives benefits, the opportunities for the workers' advancement, the degree of control by the principal over the worker, the permanency of the relationship, and the respective furnishing of facilities and equipment by either party." Kirby v. Robby Len Swimfashions, 1990 WL 72322, *2 (6th Cir.1990);

In the document that governed L'Oreal and Taylor's business relationship, it clearly states that Taylor was an independent contractor. Taylor was paid an hourly wage, rather than a salary, and L'Oreal did not withhold taxes from Taylor's pay or provide her with insurance or benefits. Taylor was left to choose which days and hours she worked and L'Oreal did not supervise her day-to-day activities. In addition, L'Oreal did not provide Taylor with a car, computer, cell phone, office space or secretarial assistance to help her fulfill her responsibilities.

When considered on a whole, the applicable factors strongly favor a finding that Taylor was an independent contractor, not an employee, and is therefore not covered by the ELCRA. Because Taylor is not covered by ELCRA, I do not need to determine whether she has provided enough evidence to establish a claim for sexual harassment under the Act.

## CONCLUSION

Because Taylor was an independent contractor, not an employee, I GRANT Defendants' motion for summary judgment on all claims.

**IT IS SO ORDERED.**

Date:   June 16, 2008                     s/John Feikens                     
                                          United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on June 16, 2008, by U.S. first class mail or electronic means.
>
>                     s/Carol Cohron        
>                     Case Manager